CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
ANTONIO VILLAAMIL (Bar No. 346321)
(E-Mail: Antonio_Villaamil@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-7556

Attorneys for Defendant
KALANI UEHARA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>        v.<br><br>KALANI UEHARA,<br><br>                Defendant. | Case No. 2:25-mj-05715-DUTY<br><br>**BRIEFING ON VENUE FOR PRELIMINARY HEARING IN OUT-OF-DISTRICT CASES INVOLVING ALLEGATIONS OF SUPERVISED RELEASE VIOLATION** |

Ms. KaLani Uehara files this briefing in response to the Court's order directing the parties to file supplemental briefing relating to Ms. Uehara's request that her preliminary hearing be held in the district of her arrest, the Central District of California.

///

///

///

1    This application is based upon the attached memorandum of points and

2  authorities, all files and records in this case, and such further information as may be

3  provided to the Court regarding the application.

4

5                                   Respectfully submitted,
                                     CUAUHTEMOC ORTEGA
6                                   Federal Public Defender

7

8  DATED:  September 18, 2025        By   /s/ Antonio Villaamil

9                                     Antonio Villaamil
                                     Deputy Federal Public Defenders
10                                    Attorneys for Kelly Boylan

## **MEMORANDUM OF POINTS & AUTHORITIES**

This case presents a straightforward application of Rule 32.1(b), Federal Rules of Criminal Procedure. The Rule makes clear that when alleged supervised release violations occur in the same district where the defendant is arrested, the magistrate judge in *that* district—not the charging district—must conduct the preliminary hearing. Ms. Uehara's alleged violations all arose while she was supervised in the Central District of California, and she was arrested there as well. Accordingly, the plain language of Rule 32.1(b)(5)(A) requires that her preliminary hearing be held in this District.

**A. Ms. Uehara is Entitled to a Preliminary Hearing in the Arresting District, the Central District of California.**

Under Rule 32.1(b), Fed. R. Crim. P., Ms. Uehara is entitled to a preliminary hearing in the Central District of California. Rule 32.1(b)(5)(A) governs so called out-of-district arrests and makes venue explicit:

[I]f the alleged violation occurred in the district of arrest, the magistrate judge must conduct a preliminary hearing under Rule 32.1(b) and either:

(i) transfer the person to the district that has jurisdiction, if the judge finds probable cause to believe that a violation occurred; or

(ii) dismiss the proceedings and so notify the court that has jurisdiction, if the judge finds no probable cause to believe that a violation occurred . . . .

Rule 32.1 distinguishes between cases where the violation occurred in the arresting district (preliminary hearing required there) and those where it did not (transfer to the charging district permitted). *Compare* Fed. R. Crim. P.(5)(B) ("if the alleged violation did not occur in the district of arrest, transfer the person to the district that has jurisdiction . . . .").

Here, all three alleged supervised release violations—failure to obtain employment, late/incomplete financial reporting, and missed mental health intake appointments—arose while Ms. Uehara was living in and supervised by United States Probation in the Central District of California. She was arrested there as well. Although jurisdiction over her ultimate revocation hearing remains with the District of New Mexico, Rule 32.1 requires that the preliminary hearing take place in the district of arrest where the alleged violations occurred.

**B. Ms. Uehara Did Not Waive This Right.**

At her initial appearance, Ms. Uehara signed the standard "Waiver of Rights (Out of District Cases)" form. With the assistance of counsel, she acknowledged her right to a preliminary hearing in the arresting district. She then checked a box requesting a preliminary hearing in the prosecuting district. This request was not intended as a waiver of her right to a preliminary hearing in the Central District of California. On the contrary, through counsel in open court, she has asserted that right.

To the extent the waiver form could be read otherwise, Ms. Uehara withdraws any such waiver. Her intent has always been to invoke every available procedural protection, except those expressly waived (identity hearing and arrival of process).

## CONCLUSION

In sum, because the Central District of California is both the arresting district and the district where all alleged violations occurred, and (Rule 32.1(b)(5)(A) mandates that in such circumstances the Magistrate Judge must

///

///

///

4

conduct a preliminary hearing there, Ms. Uehara respectfully requests that this Court hold the preliminary hearing in the Central District of California.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  September 18, 2025        By   /s/ Antonio Villaamil

Antonio Villaamil
Deputy Federal Public Defender
Attorney for KaLani Uehara